## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARISE (HALLEE) DARGIE,<br><br>               Plaintiff,<br><br>   v.<br><br>WILL FULLER, President and CEO of Transamerica and KAREN POLAK, General Counsel of Transamerica,<br><br>               Defendants. | C.A. No. 3:22-cv-30070-MGM<br><br>(formerly Hampden County Superior Court C.A. No. 2279CV00253) |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS

MCCARTER & ENGLISH, LLP
John M. Allen, Esq. (BBO# 673081)
265 Franklin Street
Boston, MA 02155
Telephone: (617) 449-6500
Facsimile: (617) 607-9200
jallen@mccarter.com

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ..................................................................................................1

BACKGROUND .................................................................................................2

      A.    The Allegations..............................................................................2

      B.    The LTC Policy..............................................................................3

      C.    The 93A Letters .............................................................................4

DISCUSSION ......................................................................................................5

   I.    THE MOTION TO DISMISS STANDARDS........................................5

      A.    Fed. R. Civ. P. 12(b)(1) .................................................................5

      B.    Fed. R. Civ. P. 12(b)(2) .................................................................5

      C.    Fed. R. Civ. P. 12(b)(6) .................................................................7

   II.   PLAINTIFF DOES NOT HAVE STANDING TO PURSUE HER FATHER'S CLAIMS ...........................................................................9

   III.   THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS .......9

   IV.   THE COMPLAINT ALLEGES NO GROUNDS FOR ANY VIABLE CLAIM AGAINST MR. FULLER OR MS. POLAK.......................................11

   V.   PLAINTIFF FAILS TO ALLEGE A VIABLE BREACH OF CONTRACT CLAIM..........................................................................12

   VI.   A MERE CONTRACT BREACH DOES NOT GIVE RISE TO CH. 93A LIABILITY.......................................................................13

CONCLUSION...................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*4MVR, LLC v. Hill*,
    2015 U.S. Dist. LEXIS 81904 (D. Mass. June 24, 2015) ........................................................14

*A Corp. v. All Am. Plumbing, Inc.*,
    812 F.3d 54 (1st Cir. 2016)..................................................................................................6

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009).............................................................................................................7

*Aversa v. United States*,
    99 F.3d 1200 (1st Cir. 1996)................................................................................................5

*Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc.*,
    825 F.3d 28 (1st Cir. 2016)................................................................................................10

*Beddall v. State St. Bank & Trust Co.*,
    137 F.3d 12 (1st Cir. 1998)..................................................................................................7

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007).............................................................................................................8

*Cambridge Plating Co. v. Napco, Inc.*,
    85 F.3d 752 (1st Cir. 1996)................................................................................................13

*City of Revere v. Boston/Logan Airport Associates, LLC*,
    416 F. Supp. 2d 200 (D. Mass. 2005) ...............................................................................13

*Clorox Co. P. R. v. Proctor & Gamble Comm. Co.*,
    228 F.3d 24 (1st Cir. 2000)..................................................................................................7

*Cmty. Builders, Inc. v. Indian Motocycle Assoc., Inc.*,
    44 Mass. App. Ct. 537 (1998)............................................................................................11

*Commercial Union Ins. Co. v. Seven Provinces Ins. Co.*,
    217 F.3d 33 (1st Cir. 2000)................................................................................................13

*Copia Commc'ns, LLC v. AMResorts, L.P.*,
    812 F.3d 1 (1st Cir. 2016)....................................................................................................6

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014)...........................................................................................................10

*Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*,
   290 F.3d 42 (1st Cir. 2002) ..................................................................................5, 6

*Foley v. Wells Fargo Bank, N.A.*,
   772 F.3d 63 (1st Cir. 2014) .........................................................................................7

*Foster-Miller, Inc. v. Babcock & Wilcox Canada*,
   46 F.3d 138 (1st Cir. 1995) ......................................................................................5, 6

*Goodyear Dunlop Tires Operations, S.A. v. Brown*,
   564 U.S. 915 (2011) ...................................................................................................10

*Gould v. Bank of N.Y. Mellon*,
   2015 U.S. Dist. LEXIS 108974 (D. Mass. Aug. 18, 2015) ........................................7

*Harlow v. Children's Hosp.*,
   432 F.3d 50 (1st Cir. 2005) .......................................................................................10

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
   466 U.S. 408 (1984) ...................................................................................................10

*Infinity Fluids Corp. v. General Dynamics Land Sys.*,
   2016 U.S. Dist. LEXIS 134613 (D. Mass. Sept. 29, 2016) ......................................13

*Intech, Inc. v. Triple "C" Marine Salvage, Inc.*,
   444 Mass. 122 (2005) .................................................................................................6

*Langadinos v. American Airlines, Inc.*,
   199 F.3d 68 (1st Cir. 2000) .........................................................................................7

*Levin v. Berley*,
   728 F.2d 551 (1st Cir. 1984) .......................................................................................9

*Logan Equipment Corp. v. Simon Aerials, Inc.*,
   736 F. Supp. 1188 (D. Mass. 1990) .........................................................................13

*Marshall v. Stratus Pharm.*, Inc.,
   51 Mass. App. Ct. 667 (2001) ..................................................................................11

*Martínez-Rivera v. Puerto Rico*,
   812 F.3d 69 (1st Cir. 2016) .........................................................................................5

*Massachusetts Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*,
   142 F.3d 26 (1st Cir. 1998) .......................................................................................10

*Michelson v. Digital Fin. Servs.*,
   163 F.3d 715 (1st Cir. 1999) .....................................................................................12

*Micro Signal Research, Inc. v. Otus*,
   417 F.3d 28 (1st Cir. 2005) .......................................................................................11

*Murphy v. United States,*
    45 F.3d 520 (1st Cir. 1995) ............................................................................................5

*Ocasio-Hernandez v. Fortuno-Burset,*
    640 F.3d 1 (1st Cir. 2011) ..............................................................................................8

*Penalbert-Rosa v. Fortuno-Burset,*
    631 F.3d 592 (1st Cir. 2011) ..........................................................................................8

*Phillips v. Prairie Eye Ctr.,*
    530 F.3d 22 (1st Cir. 2008) ............................................................................................6

*Platten v. HG Bermuda Exempted Ltd.,*
    437 F.3d 118 (1st Cir. 2006) ..........................................................................................6

*Ray-Tek Servs., Inc. v. Parker,*
    64 Mass. App. Ct. 165 (2005) ......................................................................................11

*Rodríguez-Reyes v. Molina-Rodríguez,*
    711 F.3d 49 (1st Cir. 2013) ............................................................................................8

*Ruiz Rivera v. Pfizer Pharms., LLC,*
    521 F.3d 76 (1st Cir. 2008) ............................................................................................8

*Shaw v. Digital Equip. Corp.,*
    82 F.3d 1194 (1st Cir. 1996) ..........................................................................................7

*Townsends, Inc. v. Beaupre,*
    47 Mass. App. Ct. 747 (1999) ......................................................................................11

*Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc.,*
    524 F.3d 315 (1st Cir. 2008) ..........................................................................................7

*Umsted v. Umsted,*
    446 F.3d 17 (1st Cir. 2006) ............................................................................................9

*United Seniors Ass'n v. Philip Morris USA,*
    500 F.3d 19 (1st Cir. 2007) ............................................................................................5

*United States v. Swiss Am. Bank, Ltd.,*
    274 F.3d 610 (1st Cir. 2001) ..........................................................................................6

*Watterson v. Page,*
    987 F.2d 1 (1st Cir. 1993) ..............................................................................................7

**Statutes**

G.L. c. 190B, § 5-504 ............................................................................................................9

Mass. Gen. Laws ch. 93A, §§ 2, 11 ....................................................................................12

Mass. Gen. Laws ch. 223A, § 3 ...........................................................................................6

Mass. Gen. Laws ch. 230, § 1 ............................................................................................9

Mass. Gen. Laws ch. 230, § 5 ............................................................................................9

Defendants Will Fuller and Karyn Polak submit this memorandum of law in support of their motion to dismiss pro se Plaintiff Marise (Hallee) Dargie's Complaint for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, for lack of personal jurisdiction under Rule 12(b)(2), and for failure to state a claim under Rule 12(b)(6).

## INTRODUCTION

This is an action originally filed in the Hampden Superior Court by pro se Plaintiff Marise Dargie on behalf of for her late father, Joseph Hallee, as Power of Attorney against defendants Will Fuller, the President & CEO of Transamerica and Karyn Polak, SVP, General Counsel, and Secretary of Transamerica..  Mr. Fuller resides in Pennsylvania.  Ms. Polak resides in Maryland.  Transamerica is not a named defendant.

Plaintiff alleges that Mr. Hallee was an insured of a long term care policy (the "LTC Policy") and that Transamerica allegedly breached the contract and violated of Mass. Gen. L. ch. 93A by failing to pay claims for bathroom renovations and certain home healthcare expenses.  See Notice of Removal, Exhibit A, Complaint, pp. 1-2.

As a threshold matter, the Complaint should be dismissed for the simple reason that Plaintiff, as her deceased father's daughter and Power of Attorney, lacks standing under Massachusetts law to pursue her deceased father's claims.  Under Massachusetts law, an action that survives the death of the claimant generally may be commenced only by the executor or the administrator of the decedent's estate.  As a result, the Complaint should be dismissed for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

The Court also should dismiss the claims against Defendants because Plaintiff has failed to allege facts establishing that Defendants have sufficient contacts with Massachusetts that would subject them to either the general or specific jurisdiction of this Court.

1

Even if Plaintiff had standing or established personal jurisdiction, which she has not, the Complaint fails to state a claim under Rule 12(b)(6). The Complaint fails to include any facts even remotely establishing that there is any valid basis for suing Mr. Fuller, the President & CEO of Transamerica or Ms. Polak, SVP, General Counsel, and Secretary of Transamerica. There is no specific allegation that Mr. Fuller and/or Ms. Polak had any involvement in the sale, issuance or administration of the LTC Policy. They also were not parties to the LTC Policy. Pursuant to well-established Massachusetts law, an officer of a corporation who takes no part in the commission of a tort allegedly committed by the corporation is not individually liable to third parties for such a tort.

Furthermore, even if Plaintiff had named Transamerica as the proper defendant, the Complaint still fails. The LTC Policy does not contain a home modification benefit. Because Mr. Hallee was not receiving benefits under the LTC policy at the time of the bathroom modification, he was not eligible for the Alternate Care Benefit. As to the other disputed home health care benefit claims, Transamerica properly denied the claims because Mr. Hallee had not satisfied the unambiguous 90-day Elimination Period set forth in the LTC Policy.

Finally, Plaintiff's. 93A claim fails because it is nothing more than a deficient breach of contract claim dressed up as a ch. 93A claim.

For all of these reasons, the Complaint should be dismissed with prejudice.

## **BACKGROUND**[1]

### A.    **The Allegations**

The Complaint alleges that "Plaintiff is the Power of Attorney for the insured who is now dec eased and is bringing the claim on his behalf." See Notice of Removal, Exhibit A, Complaint, p. 1. T

---

[1]    The following facts are taken from the Complaint and are accepted as true for purposes of this motion. Defendants reserve the right to challenge and dispute these facts in any subsequent proceeding.

he Complaint further alleges that Mr. Hallee purchased a Transamerica LTC Policy[2] on or about Marc h 16, 2001 and paid premiums up until his death.  See Notice of Removal, Exhibit A, Complaint, p. 1. The Complaint also that "Trans America [sic] breached its contract with Mr. Hallee by continually ch anging the definition of '90 days' from the sale of policy" and by failing to pay for bathroom renovati ons and home health care.  Id.  Plaintiff further alleges that she sent a 93A demand letter on February 22, 2022 and Transamerica continued to deny the claims.  Id.  Plaintiff does not name Transamerica a s a defendant.  Id.  Nor does she allege that that Mr. Fuller and/or Ms. Polak had any involvement in t he sale, issuance or administration of the LTC Policy.  Id.

Plaintiff also does not allege that Mr. Hallee had been confined in a Nursing Home or Alternative Care Facility or received Home Health Care, Adult Day Health Care, Adult Day Care, Home Care or Personal Care for 90 days prior to incurring the home health care expenses at issue. See Notice of Removal, Exhibit A, Complaint, pp. 1-2.

**B.**    **The LTC Policy**

As Plaintiff alleges in the Complaint, the LTC Policy insuring Mr. Hallee went into effect on March 16, 2001.    See LTC Policy (including Application) included within Exhibit A to the Declaration of Courtney Wunderlich ("Wunderlich Dec."), filed contemporaneously herewith..  The Schedule to the LTC Policy states that Mr. Hallee elected a Cumulative Elimination Period of 90 days.  See Wunderlich Dec., Exhibit A, LTC Policy at p. 4.  The LTC Policy defines the Elimination Period as follows:

> The number of days at the start of a Period of Care for which no benefits are payable.
> You must actually have been confined in a Nursing Home or Alternative Care Facility
> or Home Health Care, Adult Day Health Care, Adult Day Care, Home Care or

---

[2]    PFL Life Insurance Company issued the LTC Policy and then changed its name to Transamerica Life Insurance Company effective March 1, 2001.

Personal Care must actually have been received on any day that is credited toward satisfying the Elimination Period. A Nursing Home confinement, Alternative Care Facility confinement, Home Health Care, Adult Day Health Care, Adult Day Care, Home Care or Personal Care can be used interchangeably in satisfying this common Elimination Period. The Elimination Period is shown on the Schedule.

If a "Cumulative" Elimination Period has been selected, once the Elimination Period has been satisfied, it need never again be satisfied during Your lifetime, even though You may have more than one Period of Care.

See Wunderlich Dec., Exhibit A, LTC Policy at pp. 7-8.

The LTC Policy does not contain a home modification benefit, but does describe when an

Alternative Care Benefit may be available:

If You are receiving benefits under this Policy, We may consider paying for another form of care that is not covered by the Policy but which could be considered as being more appropriate for Your personal condition.

We will consider: (1) the purchase of special medical equipment; (2) the alteration of Your residence; or (3) other alternatives that may be appropriate for Your personal condition.

Alternate Care: (1) can be initiated by You or by Us; (2) must be submitted in the form of a Plan of Care developed by health care professionals; (3) must be consistent with generally accepted medical practices; and (4) must be mutually agreed to by You, Your Physician and Us, in writing prior to receiving Alternate Care. Premiums will not be waived during the time You are receiving Alternate Care.

See Wunderlich Dec., Exhibit A, LTC Policy at pp. 18-19.  In order for Transamerica to consider a

claim for an Alternative Care Benefit, the insured first needed to file a claim for another benefit, be

approved for that other benefit, and the benefit needed to be paid.

**C.     The 93A Letters**

On February 22, 2022, Plaintiff sent a Mass. Gen. L. ch. 93A letter to Mr. Fuller and Ms.

Polak.  See Wunderlich Dec., Exhibit A, February 22, 2022.  In the letter, Plaintiff claimed that

Transamerica breached the LTC Policy by continually changing its definition of the 90-day

Elimination Period and failed to pay claims for bathroom reonovations and certain home health care

4

expenses.  See Wunderlich Dec., Exhibit A, February 22, 2022 letter.  Transamerica responded by letter dated March 11, 2022 and explained the basis for the benefit determinations in detail.  See Wunderlich Dec., Exhibit B, March 11, 2022 letter.

## DISCUSSION

## I.      THE MOTION TO DISMISS STANDARDS

### A.      Fed. R. Civ. P. 12(b)(1)

A defendant can move to dismiss an action based upon a lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  The capacity of a plaintiff to bring a lawsuit is properly viewed as a matter of standing that ordinarily should be raised in a motion to dismiss for lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *See, e.g., United Seniors Ass'n v. Philip Morris USA*, 500 F.3d 19, 23 (1st Cir. 2007).

When considering a motion to dismiss for lack of subject matter jurisdiction, "the district court must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff." *Aversa v. United States*, 99 F.3d 1200, 1209¬10 (1st Cir. 1996) (citing *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995)). The Court, however, may also look beyond the pleadings to any evidentiary materials submitted by the parties to determine whether it has jurisdiction.  *Martínez-Rivera v. Puerto Rico*, 812 F.3d 69, 74 (1st Cir. 2016).

### B.      Fed. R. Civ. P. 12(b)(2)

A plaintiff bears the burden of establishing that the court has personal jurisdiction over the defendants. *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 50 (1st Cir. 2002). In considering a motion to dismiss under Rule 12(b)(2), the court may employ several standards to assess whether plaintiff has carried that burden: the "prima facie" standard; the "preponderance-of-the-evidence" standard; or the "likelihood" standard. *See id*. at 50 n. 5; *Foster-*

5

*Miller, Inc. v. Babcock & Wilcox Canada*, 46 F.3d 138, 145-46 (1st Cir. 1995). Where the court is called to make that assessment without first holding an evidentiary hearing, the prima facie standard is applied. *See United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 618 (1st Cir. 2001). Under that standard, the court takes the plaintiff's "properly documented evidentiary proffers as true and construe[s] them in the light most favorable to [plaintiff's] jurisdictional claim." *A Corp. v. All Am. Plumbing, Inc.*, 812 F.3d 54, 58 (1st Cir. 2016) (citing *Phillips v. Prairie Eye Ctr.*, 530 F.3d 22, 26 (1st Cir. 2008)). A plaintiff may not "rely on unsupported allegations in [its] pleadings." *A Corp.*, 812 F.3d at 54 (quoting *Platten v. HG Bermuda Exempted Ltd.*, 437 F.3d 118, 134 (1st Cir. 2006)). "Rather, [the plaintiff] must put forward 'evidence of specific facts' to demonstrate that jurisdiction exists." *Id*. at 58 (quoting *Foster-Miller*, 46 F.3d at 145).

To establish personal jurisdiction, a plaintiff must show that the requirements of the Massachusetts long-arm statute, Mass. Gen. Laws ch. 223A, § 3, are satisfied, and that the exercise of jurisdiction is consistent with constitutional due process. *Daynard*, 290 F.3d at 52; *Intech, Inc. v. Triple "C" Marine Salvage, Inc.*, 444 Mass. 122, 125 (2005). Due process requires that a plaintiff alleging specific personal jurisdiction establish the existence of three conditions:

> First, the claim underlying the litigation must directly arise out of, or relate to, the defendant's forum-state activities. Second, the defendant's in-state contacts must represent a purposeful availment of the privilege of conducting activities in the forum state, thereby invoking the benefits and protections of that state's laws and making the defendant's involuntary presence before the state's courts foreseeable. Third, the exercise of jurisdiction must be reasonable.

*Copia Commc'ns, LLC v. AMResorts, L.P.*, 812 F.3d 1, 4 (1st Cir. 2016) (quoting *Phillips*, 530 F.3d at 27).

**C.      Fed. R. Civ. P. 12(b)(6)**

"To survive a 12(b)(6) motion to dismiss for failure to state a claim, a complaint must include sufficient factual detail to make the plaintiff's claim to relief plausible on its face." *Gould v. Bank of N.Y. Mellon*, 2015 U.S. Dist. LEXIS 108974, *8-9 (D. Mass. Aug. 18, 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).   A claim is facially plausible when the Complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  In evaluating a motion to dismiss, the Court must accept all factual allegations in the Complaint as true and draw all reasonable inferences in Plaintiff's favor.  *See Langadinos v. American Airlines, Inc.*, 199 F.3d 68, 68 (1st Cir. 2000).   The Court may consider only facts and documents that are incorporated into the Complaint; otherwise the Court must convert the motion into one for summary judgment under Fed. R. Civ. P. 12(d).  *See Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc.*, 524 F.3d 315, 321 (1st Cir. 2008).  Narrow exceptions to this rule exist for "documents the authenticity of which are not disputed by the parties; documents central to plaintiffs' claim; or documents sufficiently referred to in the complaint." *Foley v. Wells Fargo Bank, N.A.*, 772 F.3d 63, 74 (1st Cir. 2014) (citing *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993)) (internal alterations omitted).  Here, for instance, the Complaint relies on and refers to both the LTC Policy and to the Mass. Gen. L. ch. 93A letters, which may be properly considered by the Court in resolving this motion.[3]

---

[3]      *See Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 16-17 (1st Cir. 1998) ("[w]hen … a complaint's factual allegations are expressly linked to - and admittedly dependent upon - a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)."); *Clorox Co. P. R. v. Proctor & Gamble Comm. Co.*, 228 F.3d 24, 32 (1st Cir. 2000) (holding that, in ruling on a Rule 12(b)(6) motion, a district court "'may properly consider the relevant entirety of a document integral to or explicitly relied upon in the complaint, even though not attached to the complaint'") (quoting *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

Dismissal is appropriate if the plaintiff's well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharms., LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (internal quotations and alterations omitted). Although detailed factual allegations are not necessary, the standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 13 (1st Cir. 2011). In conducting this analysis, the First Circuit has formulated a two-pronged approach. "Under this approach, a court … should begin by separating a complaint's factual allegations from its legal conclusions…. Unlike factual allegations, legal conclusions contained within a complaint are not entitled to a presumption of truth….[4] The second prong … requires a reviewing court to accept the remaining factual allegations in the complaint as true and to evaluate whether, taken as a whole, they state a facially plausible legal claim." *See id.* at 10-11.[5] "A plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action." *Id.* at 12. *See also Penalbert-Rosa v. Fortuno-Burset*, 631 F.3d 592, 595 (1st Cir. 2011) ("[S]ome allegations, while not stating ultimate legal conclusions, are nevertheless so threadbare or speculative that they fail to cross the line between the conclusory and the factual").

---

[4]    For instance, as discussed in *Ocasio-Hernandez*, 640 F.3d at 10, it is appropriate to disregard conclusory allegations such as that defendants "entered into a contract, combination, or conspiracy …." *Id.*

[5]    *See also Rodríguez-Reyes v. Molina-Rodríguez*, 711 F.3d 49, 53 (1st Cir. 2013) ("an inquiry into plausibility necessitates a two-step pavane…. First, the court must sift through the averments in the complaint, separating conclusory legal allegations (which may be disregarded) from allegations of fact (which must be credited)…. Second, the court must consider whether the winnowed residue of factual allegations gives rise to a plausible claim to relief.") (citations omitted).

## II.     PLAINTIFF DOES NOT HAVE STANDING TO PURSUE HER FATHER'S CLAIMS.

As a threshold matter, Plaintiff, as her deceased father's daughter and Power of Attorney lacks standing under Massachusetts law to pursue her deceased father's claims.  Under Massachusetts law, an action that survives the death of the claimant generally may be commenced only by the executor or the administrator of the decedent's estate. Mass. Gen. Laws ch. 230, § 1; *see Levin v. Berley*, 728 F.2d 551, 556 (1st Cir. 1984). An heir, legatee, or creditor who has an interest in the enforcement of a survival claim may pursue that claim on behalf of the estate, but only if he first requests that the estate bring the suit and that request is denied. Mass. Gen. Laws ch. 230, § 5; *see Umsted v. Umsted*, 446 F.3d 17, 22 (1st Cir. 2006). Here, there is no allegation that Plaintiff has met these prerequisites to assert a survival claim.

Plaintiff has presented no proof that she is either the personal representative or the executor of her father's  estate, and instead, attempts to pursue her claims solely as her Father's Power of Attorney.  Yet, under Massachusetts law, it is undisputed that once the attorney-in-fact has notice of the principal's death, all powers of attorney terminate. G.L. c. 190B, § 5-504. As a result, Plaintiff lacks standing to pursue her late Father's claims.

While Federal Rule of Civil Procedure 17(a)(3) prohibits dismissal of an action solely on grounds that the real party in interest is not a party to the action, dismissal with prejudice, rather than leave to amend, is appropriate here because Plaintiff has failed to state any actionable claims for the reasons discussed below. As a result, Defendants respectfully request that the Court dismiss the . Complaint with prejudice because any amendment is futile.

## III.    THE COURT LACKS PERSONAL JURISDICTION OVER DEFENDANTS.

"The jurisdictional requirements imposed by the Massachusetts long-arm statute are quite similar to, though not completely congruent with, the jurisdictional requirements imposed by the Due

Process Clause." *Baskin-Robbins Franchising LLC v. Alpenrose Dairy, Inc.*, 825 F.3d 28, 34 (1st Cir. 2016).  The "modest differences" between the two are immaterial.  *Id*.

The Supreme Court has defined two categories of personal jurisdiction: general and specific. *Daimler AG v. Bauman*, 571 U.S. 117, 126-27 (2014). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile."  *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011).  Specific jurisdiction is limited to claims that "aris[e] out of or [are] related to the defendant's contacts with the forum."  *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8 (1984).

It is clear that a Massachusetts court may not assert general jurisdiction over Defendants.  Mr. Fuller resides in Pennsylvania.  <u>See</u> Notice of Removal, ¶ 10.  Ms. Polak resides in Maryland. <u>See</u> Notice of Removal, ¶ 11.  Accordingly, there are no grounds for general jurisdiction.

"Specific jurisdiction exists when there is a demonstrable nexus between a plaintiff's claims and a defendant's forum-based activities, such as when the litigation itself is founded directly on those activities."  *Massachusetts Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 142 F.3d 26, 34 (1st Cir. 1998). That nexus requires three things: (1) "the plaintiff's claim must be related to the defendant's contacts" with the state; (2) "the defendant's contacts with the state must be purposeful"; and (3) "the exercise of jurisdiction must be reasonable under the circumstances."  *Harlow v. Children's Hosp.*, 432 F.3d 50, 57 (1st Cir. 2005).

Plaintiff does not allege that her claims are based on any conduct by Defendants in Massachusetts.  Mr. Fuller and Ms. Polak have no involvement in this dispute except for the fact that Plaintiff decided to direct her Mass. Gen. L. ch. 93A letter to them.  Under the circumstances, there are not minimum contacts with the state such that the exercise of jurisdiction accords with traditional

notions of fair play and substantial justice.  The Court, therefore, lacks personal jurisdiction over Defendants for the purpose of adjudicating Plaintiff's claims.

## IV.     THE COMPLAINT ALLEGES NO GROUNDS FOR ANY VIABLE CLAIM AGAINST MR. FULLER OR MS. POLAK.

The Complaint fails to include any facts even remotely establishing that there is any valid basis for suing Mr. Fuller, the President & CEO of Transamerica or Ms. Polak, SVP, General Counsel, and Secretary of Transamerica.  There is no specific allegation that Mr. Fuller and/or Ms. Polak had any involvement in the sale, issuance or administration of the LTC Policy.  They also were not parties to the LTC Policy.  The contract is between Joseph Hallee, the deceased insured, and Transamerica.  Mr. Fuller and Ms. Polak have no involvement in this dispute except for the fact that Plaintiff decided to direct her Mass. Gen. L. ch. 93A letter to them.

Pursuant to well-established Massachusetts law, an officer of a corporation who takes no part in the commission of a tort allegedly committed by the corporation is not individually liable to third parties for such a tort.  *Townsends, Inc. v. Beaupre*, 47 Mass. App. Ct. 747, 751-52 (1999); *Micro Signal Research, Inc. v. Otus*, 417 F.3d 28, 31 (1st Cir. 2005); *Ray-Tek Servs., Inc. v. Parker*, 64 Mass. App. Ct. 165, 177-78 (2005).  A plaintiff  only can hold an officer of a corporation "personally liable for a tort committed by the corporation that employs him, if he personally participated in the tort by, for example, directing, controlling, approving, or ratifying the act that injured the aggrieved party." *Townsend*s, 47 Mass. App. Ct. at 751-52. Likewise, an officer of a corporation can only be held individually liable under Chapter 93A if he or she personally participated in unfair or deceptive conduct that violated Chapter 93A.  *Marshall v. Stratus Pharm.*, Inc., 51 Mass. App. Ct. 667, 677 (2001); *Cmty. Builders, Inc. v. Indian Motocycle Assoc., Inc.*, 44 Mass. App. Ct. 537, 560 (1998).

Mr. Fuller and Ms. Polak cannot be personally liable simply by virtue of their status as officers of Transamerica.  The Complaint is devoid of any allegation of misfeasance or participation by Mr. Fuller or Ms. Polak.  Based upon the allegations of the Complaint, Plaintiff has failed to state a cause of action exposing Mr. Fuller or Ms. Polak to liability, and for that reason, the Complaint should be dismissed.

## V.        PLAINTIFF FAILS TO ALLEGE A VIABLE BREACH OF CONTRACT CLAIM.

Even if Plaintiff had named Transamerica as a defendant, which she did not, Plaintiff fails to state a viable claim for breach of contract against Transamerica.  In order to state a breach of contract claim under Massachusetts law, the plaintiff must prove that a valid, binding contract existed, the defendant breached the terms of the contract, and the plaintiff sustained damages as a result of the breach. *See Michelson v. Digital Fin. Servs.*, 163 F.3d 715, 720 (1st Cir. 1999) ("In order to state a viable breach of contract claim under Massachusetts law, plaintiffs must prove that a valid, binding contract existed, the defendant breached the terms of the contract, and the plaintiffs sustained damages as a result of the breach").

The allegations of the Complaint, and the documents referenced therein and attached hereto, establish that there is no viable claim for breach of the LTC Policy.  The LTC Policy does not contain a home modification benefit.  Because Mr. Hallee was not receiving benefits under the LTC policy at the time of the bathroom modification, he was not eligible for the Alternate Care Benefit.   As to the other disputed home health care benefit claims, Transamerica properly denied the claims because Mr. Hallee had not satisfied the 90-day Elimination Period.

## VI.       A MERE CONTRACT BREACH DOES NOT GIVE RISE TO CH. 93A LIABILITY

A defendant may be liable under ch. 93A if it engages in an unfair method of competition or an unfair or deceptive act or practice.  *See* Mass. Gen. Laws ch. 93A, §§ 2, 11.  To trigger liability

under ch. 93A, the conduct in question must fall within "'the penumbra of some common-law, statutory, or other established concept of unfairness' or be 'immoral, unethical, oppressive or unscrupulous.'"  *Commercial Union Ins. Co. v. Seven Provinces Ins. Co.*, 217 F.3d 33, 40 (1st Cir. 2000) (quoting *Cambridge Plating Co. v. Napco, Inc.*, 85 F.3d 752, 769 (1st Cir. 1996) (alterations omitted)).   It is well settled, however, that "[a] mere breach of contract does not constitute an unfair or deceptive trade practice under 93A, unless it rises to the level of commercial extortion or a similar degree of culpable conduct." *Id.* (quotations and citations omitted).  *See also Logan Equipment Corp. v. Simon Aerials, Inc.*, 736 F. Supp. 1188, 1204 (D. Mass. 1990) ("simple breach of contract will not support a [ch.] 93A claim.").   This is true even if the breach is intentional and grounded in self-interest.  *See City of Revere v. Boston/Logan Airport Associates, LLC*, 416 F. Supp. 2d 200, 208–09 (D. Mass. 2005) ("a simple, or  even intentional, breach is insufficient in itself to constitute an unfair or deceptive trade practice under [ch.] 93A….  The breaching party's conduct must exceed the level of mere self-interest….").

At the end of the day, once the Court completes the task of sifting through the averments of the Complaint to separate out legal allegations, conclusory statements, and boilerplate from the factual allegations, the only allegation that is left is that Transamerica wrongly denied claims in breach of the LTC Policy (and even this allegation has its problems, as discussed above).  Because Transamerica's purported breach of the LTC Policy is not sufficient to state a claim under ch. 93A, Plaintiff's ch. 93A claim should be dismissed.  *See Whitman & Co., Inc.* 2015 WL 4467064 at *9 (D. Mass. July 20, 2015) (granting motion to dismissing ch. 93A claim).   Furthermore, since the 93A claim is wholly derivative of her Father's contract  claim, the failure of the contract claim further dooms the ch. 93A claim.  *See Infinity Fluids Corp. v. General Dynamics Land Sys.*, 2016 U.S. Dist. LEXIS 134613, *37 (D. Mass. Sept. 29, 2016) ("since Infinity's [ch.] 93A claims are derivative of its

other failed claims, the [ch.] 93A claims fail as well."); *4MVR, LLC v. Hill*, 2015 U.S. Dist. LEXIS 81904, *22 (D. Mass. June 24, 2015) ("Because the [ch.] 93A claim centers on the same alleged misconduct, it is merely derivative of the misrepresentation and fraud claims. The underlying claims fail, so the [ch.] 93A claim does too.").

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should: (a) grant this motion; (b) dismiss all claims of the Complaint; and (c) grant such other and further relief it deems just and proper.

Respectfully Submitted,

WILL FULLER AND KARYN POLAK,

By their attorney,

/s/ *John M. Allen*
John M. Allen, Esq. (BBO# 673081)
jallen@mccarter.com
McCarter & English, LLP
265 Franklin Street
Boston, MA 02155
Telephone: (617) 449-6500
Facsimile:  (617) 607-9200

Dated: June 29, 2022

## <u>CERTIFICATE OF SERVICE</u>

I, John Allen, hereby certify that on this 29th day of June, 2022, I caused a copy of the enclosed to be served through the Court's electronic filing system.

A copy was also served via email and first class mail upon the following:

Marise (Hallee) Dargie
25 Hunters Slope
Wesfield, MA 01085
Pro Se Plaintiff

<div style="margin-left: 40%;">

By:      */s/ John M. Allen*
      John M. Allen

</div>

15